IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| COLLINS v. AC&S INC et al | PA-ED No.  10-CV-64567<br>*Trans from IL-S Case No. 97-CV-4215* |

Plaintiff's Motion To Perpetuate the Testimony
of Co-Worker Witness Harold Hoopengarner

Plaintiff moves the court to allow the deposition of a crucial 83 year old co-worker witness, Harold Hoopengarner, to proceed so that his testimony may be preserved in advance of trial.

Background

Plaintiff's decedent, Arthur Collins, was an electrician who worked for approximately thirty years beginning in 1968 at powerhouses, refineries and other industrial complexes. (Ex 1 - verified work history).  Collins was diagnosed with lung cancer on June 1, 2007 (Ex 2.), and died of the disease on November 17, 2008. (Ex 3.)

Co-worker Harold Hoopengarner worked with Collins at the Newton Power Station from 1968-1973.  (Ex 4 at ¶ 4.)  Hoopengarner can provide evidence of exposure to General Electric, Okonite and Georgia Pacific asbestos containing products per his declaration attached at Exhibit 4.

*Need to Preserve Hoopengarner's Testimony*

Harold Hoopengarner is 83 years old and suffers from chronic obstructive pulmonary disease, diabetes, hypercholesterolemia, atrial fibrillation and peripheral vascular disease.  (Ex 6.)

1

He is also legally blind (Ex 6.)  Preserving Hoopengarner's testimony is necessary given the circumstances of his advanced age, poor health, and the practical reality that a trial is at least over a year away.

Argument

The Third Circuit case of *Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967), is controlling.  In *Borda*, a civil antitrust suit was stayed pending a criminal action involving the same facts.  Texaco petitioned pursuant to FRCP 27 to depose a 71 year old witness notwithstanding the stay of discovery.  The district court denied the petition, stating "'age standing alone is meaningless.'"  *Texaco*. 387 F.3d at 608.  The Third Circuit granted Texaco's petition for mandamus and ordered the district court to grant the petition.  The court of appeals stated the district court "abused his discretion in refusing to grant Texaco leave to take Borda's deposition in view of the prevailing factual circumstances."  *Id*.  As the Third Circuit explained:

> The circumstance that "Mr. Borda is 71 years old" is quite meaningful.  It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable future date …. It is a fact of life, too, that the memory of events already dating back some eleven years grow dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years.

*Texaco,* 383 F.2d at 609.

The Third Circuit also rejected the district court's statement it would consider allowing a deposition if the witness became ill or infirm.  The court stated "should Mr. Borda become 'ill' or 'infirm', such illness or infirmity might well be of such proportion as to make impossible the taking of his deposition." *Texaco,* 383 F.2d at 610.  *See also De Wagenknecht v Stinnes*, 250 F.2d 414, 417 (D. C. Cir. 1957) (affirming FRCP 27 order authorizing the deposition of a 74 year old

2

witness; with the court stating "there can be no certainty that this testimony [will] still be available when the controversy is ready for litigation, since the witness is at present seventy-four years of age").

Judge Robreno has relied on the *Texaco* decision to rule that depositions were appropriate to perpetuate the testimony of elderly witnesses ("the case most comparable to this one" is *Texaco v. Borda, supra*.)  *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 350 (E. D. Pa. 2000). In *19th Street Baptist Church* Judge Robreno recognized that parties have the right to perpetuate the testimony of witnesses, and the "concept of perpetuation of testimony has ancient roots deeply grounded in equity."  *Id.* at 347.

Judge Robreno held the potentially case determinative nature of the testimony outweighed the defense claims of undue burden and expense:

> "If this testimony is lost due to death or infirmity, plaintiffs effectively would be put out of court.  Thus, while the stay of discovery would be potentially fatal to plaintiffs, proceeding with plaintiffs' depositions would only be burdensome to defendants. Finally, the expense defendants will incur is relatively modest in this case, and defendants are apparently well heeled entities represented by able counsel."

*Id*. at 349.  *See also U.S. v. Mann*, 590 F.2d 361, 366-67 (1st Cir. 1978) ("when the question is close a court may allow a deposition in order to preserve a witness' testimony, leaving until trial the question of whether the deposition will be admitted as evidence . . . the major harm to the other party's interest does not occur unless the deposition is admitted").

Plaintiff's counsel has a duty to perpetuate Hoopengarner's testimony in the course of representing the Collins estate.  The loss of Hoopengarner's testimony, should Hoopengarner become unavailable for a trial over a year away, will result in the loss of the case.  Plaintiff's

counsel is doing what is necessary and required to protect the client's interests in prevailing at the future trial.

Based on the *Texaco* and *19th Street Baptist Church* cases support plaintiff has a right to preserve Hoopengarner's testimony. As discussed, Hoopengarner is 83 years old and has a myriad of serious and debilitating health problems. Due to Hoopengarner's age and health, plaintiff does not have the luxury of being able to wait for the trial to offer his testimony. Taking Hoopengarner's deposition if his condition worsens could be too late. The period between summary judgment briefing and trial setting has been over a year in CVLO cases. (Ex 1.)

Plaintiff anticipates that defendants will argue that plaintiff is attempting to conduct discovery after the close of fact discovery. This deposition is not a continuation of fact discovery but instead is perpetuation of Hoopengarner's trial testimony. The close of fact discovery and the perpetuation of vital witness testimony are two different issues. Plaintiff does not need to conduct discovery regarding testimony which is already known to plaintiff's counsel. Rather, plaintiff's objective is to preserve testimony the substance of which is already known. Further, the expense to the defense of attending a deposition to perpetuate Hoopengarner's testimony will be minimal in comparison to the critical evidence which will be lost if Hoopengarner becomes unavailable. This court accordingly should grant this motion.

## Conclusion

For these reasons plaintiff seeks to take Harold Hoopengarner's deposition to perpetuate his trial testimony.

Dated: October 31, 2012

Respectfully submitted,

 /s/ Robert G. McCoy
Attorney for plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)