IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | Civil Action No. MDL 875 |
| **Clarissa Collins, Individually and as Special Administrator of the Estate of Arthur E. Collins, Deceased,** | |
| Plaintiff, | PA-ED Case No. 10-cv-64567 |
| v. | IL-SD Case No. 97-cv-04215 |
| **AC and S, Inc.,** *et al.* | |
| Defendants. | |

**GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PERPETUATE THE TESTIMONY OF CO-WORKER WITNESS HAROLD HOOPENGARNER**

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp. ("Georgia-Pacific"), for its Response in Opposition to Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner, states as follows:

I.   INTRODUCTION

Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner should be denied for two reasons. First, Plaintiff did not properly disclose Mr. Hoopengarner as a witness because she first disclosed the subjects of Mr. Hoopengarner's expected testimony three months *after* the close of fact discovery, and after Defendants filed their Motions for Summary Judgment, in the form of a Declaration that was served on October 29, 2012. Second, Plaintiff has articulated no reason why she should be allowed to re-open fact discovery, and indeed, there is no reason. Mr. Hoopengarner has been a client of Cascino Vaughan Law Offices ("CVLO") since at least 1994. CVLO has had eighteen years to determine

which Defendants Mr. Hoopengarner may have testimony regarding, yet failed to properly disclose Mr. Hoopengarner until far outside of the close of fact discovery. Therefore, Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner should be denied, and Plaintiff should be barred from relying on any testimony from Harold Hoopengarner.

## II. STATEMENT OF FACTS

Arthur E. Collins ("Decedent") initially filed this action on June 30, 1997, in the United States District Court for the Southern District of Illinois, alleging diversity jurisdiction. (*See Exhibit A,* at ¶ 3). Subsequently, Plaintiff Clarissa Collins ("Plaintiff") was appointed Special Administer of Decedent's estate. This case was transferred to this Court as a "tag-along" action to MDL 875. On November 15, 2010, Judge Lowell Reed ordered CVLO to respond to a set of standard interrogatories they had previously agreed to answer in this case, and all other CVLO MDL matters, by February 21, 2011. (*See Exhibit B*). This included interrogatories 16 through 20, 26 and 29, which requested the identity of all fact witnesses **_and the subject matter about which these witnesses would testify_**.

On April 12, 2012, this case was included in the "CVLO 3" Case Management and Scheduling Order. Pursuant to the Case Management and Scheduling Order for cases included in "CVLO 3," all fact discovery was to be completed by July 13, 2012. (*See* the April 12, 2012, Amended Case Management and Scheduling Order, attached hereto as *Exhibit C*). CVLO initially served undated and unverified responses to the standard interrogatories. (*See* Plaintiff's First Response to Standard Interrogatories, attached hereto as *Exhibit D*). Mr. Hoopengarner was not included in this response. On July 6, 2012, only one week before discovery closed, CVLO first served verified responses to the standard interrogatories. (*See* Plaintiff's First Response to Standard Interrogatories – June 21, 2012, attached hereto as *Exhibit E*). Mr. Hoopengarner was

disclosed as a "living coworker," however CVLO did not provide any information regarding the subjects of Mr. Hoopengarner's expected testimony.  (*See Exhibit E* (listing Mr. Hoopengarner but not disclosing what products, jobsites, timeframes, or defendants would be the subject of his testimony)).

On October 29, 2012, more than three months after the close of discovery, and after Defendants had already filed their Motions for Summary Judgment, CVLO served the Declaration of Harold Hoopengarner (hereinafter referred to as the "Declaration" and attached hereto as *Exhibit F*).  In serving the Declaration, CVLO stated:

> As part of plaintiff's ongoing duty to supplement discovery responses under Rule 26(e), please find attached the declaration of Harold Hoopengarner regarding the case of Collins, 10-CV-64567. *This witness is a client of CVLO* and will be made available for deposition upon request. Requests should be made to Nathan Bloom.

(*See* the October 29, 2012, e-mail serving the Declaration, attached hereto as *Exhibit G*) (emphasis added).  On October 31, 2012, Plaintiff filed her Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner.  Plaintiff argues that she must preserve the testimony of Mr. Hoopengarner because he is "83 years old and suffers from chronic obstructive pulmonary disease, diabetes, hypercholesterolemia, atrial fibrillation and peripheral vascular disease."  (*See* Plaintiff's Motion, p. 1).  Plaintiff further states that:

> Plaintiff anticipates that defendants will argue that plaintiff is attempting to conduct discovery after the close of fact discovery. This deposition is not a continuation of fact discovery and the perpetuation of vital witness testimony are two different issues. Plaintiff does not need to conduct discovery regarding testimony which is already known to plaintiff's counsel.  Rather, plaintiff's objective is to preserve testimony the substance of which is already known.

(*See* Plaintiff's Motion, p.4).

Mr. Hoopengarner has been a client of CVLO's since at least 1994, as on October 29, 1994, CVLO filed a complaint on behalf of Mr. Hoopengarner in the Southern District of Indiana, styled as *Hoopengarner v. Anaconda Co.*, et al. (S.D. Ind. case number 94-cv-1642; E.D. Pa. case number 2:08-cv-88503).[1]

### III.   ARGUMENT

Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner should be denied. Mr. Hoopengarner was not timely or properly disclosed by Plaintiff when fact discovery was still open under the Case Management and Scheduling Order. In addition, CVLO has not articulated a reason why they should be allowed to re-open fact discovery to disclose Mr. Hoopengarner and to take his deposition.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(i), plaintiff was required to disclose "the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to supports its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i); *accord* Fed. R. Civ. P. 26(a)(1), 1993 Ad. Comm. Comments (explaining that the "subject" requirement is meant to "assist other parties in deciding which depositions will actually be needed"). Plaintiff has not done so. Plaintiff may attempt to argue that no deadline was placed in the Case Management and Scheduling Order which called for these types of fact witness disclosures. However, the standard interrogatories, *which CVLO was ordered to answer without objection by February 21, 2011*, clearly did request the identity of all fact witnesses and the subject matter about which these witnesses would testify.

---

[1] Notably, while plaintiff asserts that Mr. Hoopengarner can offer testimony against Georgia-Pacific and General Electric, neither company was named as a defendant in Mr. Hoopengarner's lawsuit. *See* Docket, *Hoopengarner v. Anaconda Co.* (E.D. Pa. case number 2:08-cv-8850).

CVLO initially served undated and unverified responses to the standard interrogatories. (*See Exhibit D*). Mr. Hoopengarner was not mentioned in those responses. On July 6, 2012, only one week before discovery closed, CVLO finally served verified responses to the standard interrogatories. (*See Exhibit E*). In this late set of responses, CVLO first disclosed Mr. Hoopengarner as a "living coworker." However, CVLO did not provide any information concerning Mr. Hoopengarner's expected testimony. (*Id.*). *But see* Order Regarding Interrogatory Supplements, slip op. at 2-3 (July 17, 2012) (*Ex. H*) (mere names and addresses — without the actual subjects of discoverable information, such as particular job sites, particular product knowledge, and particular time periods — renders a witness list deficient and useless).

It is remarkable that CVLO did not include the expected testimony of Mr. Hoopengarner, because Mr. Hoopengarner is a client of CVLO's. Given that CVLO filed an asbestos-related lawsuit on behalf of Mr. Hoopengarner in 1994, it is fair to presume that CVLO has interviewed him to learn what he would know about asbestos-containing products. At the very least, CVLO should have known what products Mr. Hoopengarner would be able to testify about eighteen years ago when they filed his lawsuit. *See* Fed. R. Civ. P. 11(b)(3). Moreover, CVLO was obligated to provide Defendants with this information in February of 2011. Yet CVLO failed to disclose Mr. Hoopengarner as a witness until one week before the close of fact discovery,[2] and even then, did not disclose the subjects of Mr. Hoopengarner's expected testimony. CVLO has offered no justification as to why they waited until three months after the close of discovery, and after Defendants had filed their Motions for Summary Judgment, to disclose Mr. Hoopengarner's expected testimony. Indeed, CVLO's failure to properly or timely disclose Mr. Hoopengarner's

---

[2] *See Unzicker v. A.W. Chesterton Co.*, No. 11-cv-66288, 2012 WL 1966028, at *4 (E.D. Pa. May 31, 2012) (striking CVLO's last-minute attempt to expand the scope of the facts in a case).

testimony until far after the close of discovery and only after Defendant's filed their Motions for Summary Judgment suggests sandbagging and bad faith.

Plaintiff cites to *Texaco, Inc. v. Borda,* 383 F.2d 607 (3d Cir. 1967) in support of her argument to take Mr. Hoopengarner's deposition. The *Texaco* case is clearly distinguishable from Plaintiff's case. In *Texaco*, there was a stay on the civil lawsuit, pending a criminal action involving the same facts. *Texaco*, 383 F.2d at 608. The Court of Appeals held that the district court should have allowed the deposition of a 71-year old witness to go forward despite the stay. *Id*. Here, there was *no* stay on discovery. Quite the opposite, discovery was ongoing until July 13, 2012, and the standard interrogatories were supposed to have been answered by February 21, 2011. If CVLO intended to use Mr. Hoopengarner as a witness, CVLO could have, and should have, properly disclosed Mr. Hoopengarner and his expected testimony at that time. The fact that Plaintiff has failed to comply with this Court's discovery deadlines, and failed to properly disclose Mr. Hoopengarner prior to the close of fact discovery, does not mandate that Plaintiff should be allowed to depose Mr. Hoopengarner three months after the close of fact discovery, and after briefing on dispositive motions has already begun.

Lastly, Plaintiff argues that "Plaintiff does not need to conduct discovery regarding testimony which is already known to plaintiff's counsel. Rather, plaintiff's objective is to preserve testimony the substance of which is already known." (*See* Plaintiff's Motion, p. 4). Although Mr. Hoopengarner's testimony may be known to Plaintiff, until CVLO served the Declaration, again, after the close of discovery and after Defendants had filed their Motions for Summary Judgment, it was not known to Defendants. Therefore, Mr. Hoopengarner's testimony clearly *is* the subject of discovery for Defendants. Plaintiff cites to Mr. Hoopengarner's health concerns as reasons for why she should be allowed to perpetuate Mr. Hoopengarner's testimony.

However, Plaintiff fails to acknowledge that had CVLO properly and timely disclosed and tendered Mr. Hoopengarner for deposition during the course of fact discovery, his deposition would have already been completed.  Indeed, it was only *after* Defendants filed their Motions for Summary Judgment, arguing that Plaintiff had produced no exposure evidence against them, that CVLO suddenly served Mr. Hoopengarner's declaration and offered to tender Mr. Hoopengarner for deposition, and then filed a Motion to Perpetuate Testimony.  Plaintiff cannot now be allowed to re-open fact discovery to develop evidence against Defendants, when she failed to procure evidence to establish her case when she was required to do so.

WHEREFORE, Georgia-Pacific respectfully requests that this Court enter an Order denying Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner, barring Harold Hoopengarner from being called as a witness in this case, and for such further relief as this Court deems just and proper under the circumstances.

Dated:  November 9, 2012

s/Michael W. Drumke
Michael W. Drumke
Attorney for Defendant, Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990
E-mail: mdrumke@smbtrials.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Clarissa Collins, Individually and as Special Administrator of the Estate of Arthur E. Collins, Deceased,** | |
| **Plaintiff,** | **PA-ED Case No. 10-cv-64567** |
| v. | IL-SD Case No. 97-cv-04215 |
| **AC and S, Inc.,** *et al*. | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I electronically filed with this Court's ECF system, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s, Response in Opposition to Plaintiff's Motion to Perpetuate the Testimony of Co-Worker Witness Harold Hoopengarner, which will send notification of such filing to the following:

Mr. Michael P. Cascino, Cascino Vaughan Law Offices, Ltd., 220 S. Ashland Ave., Chicago, IL 60607, and all counsel of record.

Respectfully submitted,

s/Michael W. Drumke
Michael W. Drumke
Attorney for Defendant, Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990
E-mail: mdrumke@smbtrials.com